```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
MIGUEL ANGEL BATISTA,                                       :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                                     Plaintiff,             :
                                                            :    13 Civ. 4185 (BMC)
             - against -                                    :
                                                            :
CAROLYN W. COLVIN, *Acting Commissioner*                    :
*of Social Security*,                                       :
                                                            :
                                     Defendant.             :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

When the Commissioner is preparing to submit a brief in a district court action that contains substantially more discussion of the record than the decision of the Administrative Law Judge that gave rise to the district court action, that should be a tip-off to the Commissioner that further proceedings are likely to be required. The regulations require substantial reasoning to appear in the ALJ's decision; if the reasoning is missing, the case has to be remanded so that it can be supplied – even if the Commissioner's lawyer or the district court could themselves rewrite the ALJ's decision to meet the requirements of the regulations and case law.

Thus, for example, as applicable to this case, the treating physician rule requires that if the ALJ is going to reject the evaluation of the claimant's treating physician, he must expressly set forth a number of factors explaining why he is doing it:

> In order to override the opinion of the treating physician, we have held that the ALJ must *explicitly* consider, *inter alia:* (1) the frequently, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.

Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013) (emphasis on the word "explicitly" added). This does not mean that the ALJ must simply recite these factors. Rather, he must explain the *causative link* between these factors and his decision to reject the treating physician's opinion – that is, why do these factors, on balance, require rejection of the treating physician's opinion?

In the case currently under review, the ALJ's only reference to the treating physician's opinion, after briefly referring to the opinion itself, was to say: "Dr. Berman's conclusions are stated in a conclusory manner and are not supported by objective medical data." There is no reference to the frequency, length, nature, or extent of treatment and how those would affect the decision to accept or reject the treating physician's opinion. There is no reference to medical evidence that might support the opinion – even though the ALJ acknowledged that plaintiff has had back surgery and an MRI showed at least some nerve impairment and herniations among multiple cervical discs (which is where he claims to have disabling pain). There is no reference to why the MRI does not support Dr. Berman's conclusion. And there is no reference to Dr. Berman's specialty.

There is a very good discussion in the Commissioner's brief in this Court as to why, upon detailed analysis of the record, these factors should come out in favor of not following the treating physician rule. (There is also a very good discussion in plaintiff's brief contending the opposite). But that is not where the discussion belongs, at least not in the first instance. I am not reviewing the Commissioner's brief to see if it complies with the Second Circuit's interpretation of the social security regulations. It is, rather, the ALJ's decision that is under review. The ALJ's perfunctory references to Dr. Berman as "conclusory" and the general criticism that his conclusions were "not supported by objective data" is itself a sufficient ground to remand this

case. (Frankly, the detailed questions asked and answered in Dr. Berman's 7-page form suggests to me that "conclusory" is an inapt characterization of his opinion).

But the problem continues with the ALJ's attempt to diminish the credibility of plaintiff's self-reporting and testimony. All the ALJ had to say about that was the overused boilerplate:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Putting aside the fact that by finding residual functional capacity before even weighing the claimant's testimony, the ALJ puts the cart before the horse – how can an ALJ determine a claimant's capacity without first deciding whether to believe the claimant on that issue – the social security regulations do not allow this template to form both the beginning and the end of a credibility analysis. For over twenty years in this Circuit, it has been the law that "a finding that the witness is not credible must nevertheless be set forth with sufficient specificity to permit intelligible plenary review of the record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988). There is obviously *no* specificity in this boilerplate. And the requirements do not end there. Social Security Ruling 96-7p sets forth a substantial number of factors that bear upon the analysis of credibility (e.g., plaintiff's daily activities; the location, duration, frequency and intensity of his pain; effectiveness of medication; etc.). See SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996). The ALJ here did not refer to even a single one of them.

Once again, the Commissioner's brief in this Court does a better job than the ALJ's decision as to plaintiff's back complaint. (I find no fault with the ALJ's rejection of plaintiff's epilepsy as a disabling condition, but that was an obvious makeweight in this case). Indeed, there is a compelling inference to be drawn from the Commissioner's argument that plaintiff is to

3

a large extent malingering with regard to his back; the Commissioner notes although he was prescribed various prescription medications for pain, he only took them intermittently or occasionally over a 2-year period before he saw the consultant in connection with his disability claim when, perhaps tellingly, he started taking them again. But none of this is in the ALJ's decision *as a reason for rejecting plaintiff's credibility*. Just once, I would like to see an ALJ write: "I do not believe the claimant's description of his symptoms. If his back hurt as badly as he says, then he would have been taking his medication regularly and, if that was not working, considering more aggressive treatments. He never did, and this causes me to find him not credible." There is nothing like that in the current decision under review; just the standard boilerplate that we see in virtually every case where credibility is in issue (and it usually is).

It may be that an ALJ can properly reject credibility without referring to all or even any of the factors in SSR 96-7p. But then he has to set forth other, specific reasons why he finds the claimant's description of his symptoms incredible. See SSR 96-7p, 1996 WL 374186, at *2 ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record"). The boilerplate means nothing. It should be banned from every ALJ decision, as without more, it tends to make the ALJ's decision appear not credible rather than the claimant.

Plaintiff's motion for judgment on the pleadings is granted, and defendant's cross-motion

is denied.  The case is remanded for the proper application of the treating physician rule and the evaluation of plaintiff's credibility.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       June 11, 2014