UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MIGUEL ANGEL BATISTA,                              :
                                                                      :
                  Plaintiff,           :        **MEMORANDUM DECISION**
                                                                      :        **AND ORDER**
        - against -                            :
                                                                      :
COMMISSIONER OF SOCIAL SECURITY   :        13-cv-4185 (BMC)
                                                                      :
                  Defendant.         :
                                                                      :
-------------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff's counsel moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b), following a remand by this Court for an additional administrative hearing. The case has a difficult history. After this Court remanded it, it went through three more administrative hearings and three more appeals to and remands by the Appeals Council before an ALJ ultimately determined that plaintiff was disabled. That is the main reason that the Court is deciding a fee application in 2021 on a case that it remanded in 2014.

      Under the terms of plaintiff's retainer agreement, which sets the fee at the maximum amount allowed by law, see 42 U.S.C. § 406(b)(1), plaintiff's counsel is entitled to a total of $77,599.38, which is 25% of the past due benefits awarded. However, counsel is seeking only approximately 12.5% of the award, *i.e.*, $38,000, for work on the proceedings in this Court, in the expectation that he will obtain an administrative award for the more substantial time expended at the administrative level, and the two awards together will not (and cannot) exceed $77,599.38. See 42 U.S.C. § 406(a) and (b). Counsel indicates that his client has consented to

awards totaling 25%, and counsel has represented that he will return the $3,477.55 that he has already received under the Equal Access to Justice Act directly to plaintiff.

An award under § 406(b) requires satisfaction of three elements: (1) a judgment in favor of the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits awarded to the claimant. See id. The Second Circuit has held that, subject to the 25% limitation, a court may enforce a contingent fee arrangement in a social security disability case unless the court finds it to be otherwise unreasonable. Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (citing McGuire v. Sullivan, 873 F.2d 974, 981 (7th Cir. 1989)). In determining whether an award under § 406(b) is reasonable, courts have considered numerous factors, including: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case. See Wells, 907 F.2d at 371-72; Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

Counsel has documented that he (actually he and his colleague) spent a total of 18.10 hours in proceedings before this Court. This is both a reasonable and indeed efficient amount of time considering the difficulties in the case and the high quality of plaintiff's submissions. It is at the low end of hours spent obtaining a remand of a social security case in this district. See Padua v. Colvin, 602 F. App'x 25, 28 (2d Cir. 2015); Barbour v. Colvin, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014) ("District courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases"). However, it comes out to a notional hourly rate of $2,099.45 per hour.

The Commissioner, in performance of her role akin to that of a trustee, see Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002), points out that many cases in this district have found notional hourly rates much lower than this to constitute a windfall and have reduced them to the range of $500–$1000 per hour, see e.g., Morales v. Commissioner, No. 18-cv-6906, 2021 WL 3409166 (E.D.N.Y. Aug. 4, 2021) (reducing imputed rate from about $900 per hour to $550 per hour); Mills v. Berryhill, No. 15-cv-5502, 2019 WL 1507923, at *2 (E.D.N.Y. April 5, 2019) (approving an hourly rate of $1,007.78). The Commissioner is not advocating for a reduction in fees, as that is not her role, but she appropriately suggests that the Court should consider whether the recovery sought here would be a windfall.

As the Supreme Court suggested in Gisbrecht, 535 U.S. at 802–08, undue emphasis of notional hourly rates can lead to distorted results. Notional rates do not take into account that because fees in these disability cases are only awarded if plaintiff receives benefits, then, just like other areas of the law where fees are contingent on success, there will be many cases where the attorneys receive no fees. Capping fees at a notional hourly rate also tends to punish efficiency – here, if plaintiff's counsel had spent 40 hours instead of 18.10 hours, the notional hourly rate would be $950 per hour, within the range of rates noted by the Commissioner.

On the other hand, the Court has not found any cases where an attorney's fee application yielded a notional rate of more than $2,000, let alone a case where an attorney received it, and counsel's decision not to reply to the Commissioner's expressed concerns suggests that counsel hasn't either. Balancing all the factors, the Court will reduce the amount of fees awarded to $25,000. That still comes to a notional rate of nearly $1,400 per hour, higher than most if not all decisions in this district, but still a reasonable return on counsel's investment and the results he obtained.

Accordingly, pursuant to 42 U.S.C. § 406(b), counsel is awarded the sum of $25,000, subject to returning the EAJA award that he previously received.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
December 21, 2021

4